IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE DUFRESNE SPENCER GROUP,
LLC and DUFRESNE SPENCER GROUP
HOLDINGS, LLC,

       *Plaintiffs*,

  v.

HAN NARA ENTERPRISES LP, RICHARD
CHOI, and AGGIE CHOI,

       *Defendants*.

Civil Action No. 21-cv-1857-RGA

## MEMORANDUM ORDER

Before me is Plaintiffs' motion to strike 34 paragraphs in support of Defendants' counterclaims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (D.I. 17). For the following reasons, Plaintiffs' motion is denied.

Plaintiffs Dufresne Spencer Group and Dufresne Spencer Group Holdings filed a complaint against Defendants Han Nara Enterprises, Richard Choi, and Aggie Choi alleging breach of contractual representations and fraud pertaining to an Asset Purchase Agreement ("APA"). (D.I. 1). Defendants filed an answer to Plaintiffs' complaint alleging thirteen affirmative defenses as well as counterclaims for breach of promissory note and breach of guaranty agreement. (D.I. 10). Plaintiffs filed a motion to strike paragraphs 7-40 in support of Defendants' counterclaims that relate in part to Ashley Furniture Industries, Ashley Furniture HomeStores, and Ashley HomeStores, Ltd. (the "Ashley Entities"). (D.I. 17).

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

1

Civ. P. 12(f). Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," and impertinent matter similarly "consists of statements that do not pertain, and are not necessary, to the issues in question." *Del. Health Care v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. 1995) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (2d ed. 1990)).[1] As a general matter, motions to strike are "disfavored and ordinarily are denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks and citation omitted). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009). "When faced with allegations that could possibly serve to achieve a better understanding of [the claims] or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Del. Health Care*, 893 F. Supp. at 1292.

      Plaintiffs argue that because the allegations in the disputed paragraphs of Defendants' counterclaim pertain to Plaintiffs' involvement with Ashley Entities that bear no relation to this lawsuit, these allegations are immaterial and, insofar as they allude to nefarious conduct by Plaintiffs, prejudicial. (D.I. 17 at 4-5). In response, Defendants assert that these allegations "are related to this dispute, provide the Court with a better understanding of the claims in the dispute, disclose the relationship between the parties to this dispute, and perform a useful purpose in

---

[1] The most recent update of the treatise by Wright and Miller repeats the quoted language. *See* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004).

promoting a just disposition of this dispute." (D.I. 21 at 7). Defendants also argue that the allegations support its third affirmative defense alleging that Plaintiffs are barred from relief by the doctrines of *in pari delicto* and unclean hands. *Id.* at 7-8.

      First, the Court agrees with Defendants that the disputed paragraphs are possibly material. They allege facts of possible relevance to Defendants' *in pari delicto* and unclean hands affirmative defense. Plaintiffs deny the applicability of the unclean hands doctrine to this case (D.I. 24 at 2-3), but their legal position relies on questions of substantive Delaware state law that I am not going to decide at this stage of the litigation. *See Karpov v. Karpov*, 307 F.R.D. 345, 349 (D. Del. 2015) (quoting *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993)) ("Motions to strike are not meant to determine disputed and substantial questions of law."). The question here is not whether the defense is available, but whether the facts alleged would be relevant to the defense if the defense were available. In their discussion (D.I. 17 at 3), Plaintiffs cite authority in which a court granted a motion to strike a prayer for relief because the non-moving party failed to counter the moving party's argument for striking the prayer for relief. *Del. Health Care v. MCD Holding Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995). But this authority is inapposite because the court's holding there turned on the non-moving party's failure to respond to the moving party's argument. Here, Defendants have indicated the relevance of their allegations to their third affirmative defense. (D.I. 21 at 7-8).

      Second, the Court rejects Plaintiffs' contention that certain allegations by Defendants in the disputed paragraphs are prejudicial. In their discussion (D.I. 17 at 3-4), Plaintiffs cite authority in which a court granted a motion to strike prejudicial allegations of wrongdoing by individuals who were not parties to the case. *McClure v. Catholic Diocese of Wilmington*, 2008 WL 495863, at 7* (Del. Super. Jan. 9, 2008). But Defendants here allege wrongdoing by

3

Plaintiffs in connection with the Ashley Entities, not merely wrongdoing by unrelated Ashley Entities.

    Plaintiffs have not shown that Defendants' allegations are immaterial or that they will prejudice the Court as trier of fact. At this stage in the litigation, allegations possibly relevant to an affirmative defense are not clearly immaterial. Therefore, the Court will deny Plaintiffs' motion to strike.

    IT IS SO ORDERED.

Entered this 6th day of June, 2022.

/s/ Richard G. Andrews
United States District Judge