**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| THE DUFRESNE SPENCER GROUP, LLC AND DUFRESNE SPENCER GROUP HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HAN NARA ENTERPRISES LP, RICHARD CHOI and AGGIE CHOI,<br><br>Defendants. | C.A. No. 21-1857-JLH |

# PLAINTIFFS' REPLY POST-TRIAL BRIEF

*Of Counsel:*

Gregory C. Noschese
James M. McGee
Munsch Hardt Kopf & Harr P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
(214) 855-7500
gnoschese@munsch.com
jmcgee@munsch.com

Huma Ali
Munsch Hardt Kopf & Harr P.C.
700 Milam Street, Suite 2700
Houston, TX 77002-2806
(713) 222-1470
hali@munsch.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com
ckeith@ycst.com

*Attorneys for Plaintiffs The Dufresne Spencer Group, LLC and Dufresne Spencer Group Holdings, LLC*

Dated: September 23, 2024

# TABLE OF CONTENTS

**Page**

A. Defendants' Affirmative Defenses Fail as a Matter of Law. .................................................... 3

1. Defendants have not established DSG waived its rights under APA Sections 3.7(a) & (c) ... 4

2. Defendants' defense of failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure of 12(b)(6) is untimely..................................................................... 5

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Cobalt Operating, LLC v. James Crystal Enterprises, LLC*
C.A. No. CIV.A. 714-VCS, 2007 WL 2142926 (Del. Ch. July 20, 2007), *aff'd* 945 A.2d 594 (Del. 2008) ....2, 3, 4, 5

*Harmony Mill Ltd. P'ship v. Magness*,
C.A. No. 84C-OC-40, 1990 WL 58149 (Del. Super. Ct. May 1, 1990), *aff'd,* 586 A.2d 1202 (Del. 1991) ....4

*LG. Philips LCD Co., Inc. v. Tatung Co.*,
No. 04–343–JJF, 243 F.R.D. 133 (D. Del. 2007) ....3

*Medek v. Medek*,
C.A. No. 2559-VCP, 2008 WL 4261017 (Del. Ch. Sept. 10, 2008)....4

*Talkdesk, Inc. v. DM Trans, LLC*,
C.A. No. N23C-08-005 MAA CCLD, 2024 WL 2799307 (Del. Super. Ct. May 31, 2024)....4

*VH5 Capital, LLC v. Rabe*,
C.A. No. 2020-0315-NAC, 2023 WL 4305827 (Del. Ch. June 30, 2023) ....3, 4

*Wellgistics, LLC v. Welgo, Inc.*,
C.A. No. N22C-08-182 KMM, 2024 WL 113967 (Del. Super. Ct. Jan. 9, 2024) ....3

**Statutes**

Federal Rule of Civil Procedure 12(b)....6

Defendants' Answering Post-Trial Brief (D.I. 240, "Response") entirely misses the mark, conflates concepts, misrepresents and mischaracterizes the APA and trial evidence to effectively argue DSG[1] agreed to purchase the Han Nara stores "as is" and Defendants made no representations or warranties in the APA.[2] But DSG *did not* agree to take the Han Nara retail stores "as is" and Defendants *made numerous material representations* in the APA and agreed to indemnify DSG in connection with those representations.[3] Based on the long line of cases cited by both parties, it is undisputed the specific language of the unambiguous APA controls and is dispositive of Defendants' liability.

As written, there is no specific affirmative defense Defendants raised or proved at trial precluding their liability under Sections 7.2(b) and 7.2(a)(1) of the APA. Having made representations in the APA regarding Han Nara's assets, liabilities, financials, and other aspects of their business, Defendants cannot now duck accountability for their misrepresentations because DSG allegedly knew (it did not) numerous representations were incorrect, inaccurate, or wrong because of the Ransomware Attack or the trial-minted and unsubstantiated "backend bug." This point is, in fact, made clear in the APA itself, which provides: "The right of [DSG] to indemnification, payment of any Adverse Consequences or other remedy based on the

---

[1] Plaintiffs The Dufresne Spencer Group, LLC and Dufresne Spencer Group Holdings, LLC are collectively referred to as "DSG" in this reply and DSG's Opening Brief. D.I. 227.

[2] On August 5, 2024, the Court limited the scope of the parties' replies to addressing any affirmative defenses raised in the parties' response briefs. D.I. 232. Plaintiffs note that Defendants' Response raises new theories of liability and evidence, alleges facts not in evidence, includes factually inaccurate allegations with no citations to the record, and raises new evidentiary objections or objections previously resolved by the parties that in either case were not preserved at trial, which are therefore waived. Plaintiffs are complying with the Court's Order limiting this reply to only address affirmative defenses, but do not waive any arguments or objections to the issues improperly raised in Defendants' Response. Plaintiffs will address these issues at closing, if necessary.

[3] APA Section 7.2 relates to DSG's indemnity rights against Defendants, and not third-parties. *See generally* JTX-001, §7.2; *see also* D.I. 227 at §§ II, III, IV.

representations, warranties . . . contained in this Agreement or the Ancillary Agreements *will not be affected by any investigation conducted with respect to, or any knowledge acquired (or capable of being acquired)* at any time, . . . with respect to the accuracy or inaccuracy of, or compliance with, any such representation, warranty . . . . [Defendants] hereby acknowledge that, *regardless of any investigation made (or not made)* . . . [DSG] entered into this transaction in express reliance upon such representations and warranties[.]" JTX-001-0053 – JTX-001-0054 § 7.7(a) (emphases added).

The court's opinion in *Cobalt Operating, LLC v. James Crystal Enterprises, LLC*, reinforces the rationale for including and enforcing such provisions in mergers and acquisitions ("M&A"):

> Due diligence is expensive and parties to contracts in the mergers and acquisitions arena often negotiate for contractual representations that minimize a buyer's need to verify every minute aspect of a seller's business. In other words, representations like the ones made in the Asset Purchase Agreement serve an important risk allocation function. By obtaining the representations it did, [plaintiff] placed the risk that [the radio station's] financial statements were false and that [the radio station] was operating in an illegal manner on [defendant]. Its need then, as a practical business matter, to independently verify those things was lessened because it had the assurance of legal recourse against [defendant] in the event the representations turned out to be false.
>
> Representations about the accuracy of unaudited financial statements of the type involved here are by no means a ubiquitous feature of M & A contracts. But, having given the representations it gave, [defendant] cannot now be heard to claim that it need not be held to them because [plaintiff's] due diligence did not uncover their falsity. This point is, in fact, made clear in the Asset Purchase Agreement itself, which provides that 'no inspection or investigation made by or on behalf of [plaintiff] or [plaintiff's] failure to make any inspection or investigation shall affect [defendant's] representations, warranties, and covenants hereunder or be deemed to constitute a waiver of any of those representations, warranties, or covenants.' *Having contractually promised [plaintiff] that it could rely on certain representations, [defendant] is in no position to contend that [plaintiff] was unreasonable in relying on [defendant's] own binding words.*

No. CIV.A. 714-VCS, 2007 WL 2142926, at *28 (Del. Ch. July 20, 2007), *aff'd,* 945 A.2d 594 (Del. 2008) (emphasis added). The court in *Cobalt Operating* rejected defendants' contention plaintiff's due diligence precluded plaintiff's right to a remedy. *Id.* at *27. Similarly, here, DSG's due diligence is completely irrelevant and does not preclude its right to a remedy. Thus, the only relevant question with respect to DSG's indemnity claims is whether it proved its damages. DSG did.[4]

Similarly, there is no affirmative defense Defendants proved at trial barring DSG's fraud claim. Indeed, DSG established Defendants knowingly and intentionally made false representations to DSG on September 24, 2020, with the intent to induce DSG to act, upon which DSG acted, justifiably relied, and was damaged. Defendants are liable for fraud.

### A. Defendants' Affirmative Defenses Fail as a Matter of Law. [5]

Defendants have the burden of proof on each of their affirmative defenses. *VH5 Capital, LLC v. Rabe*, C.A. No. 2020-0315-NAC, 2023 WL 4305827, at *20 (Del. Ch. June 30, 2023);

[4] Because Defendants breached the APA, DSG may recover its attorneys' fees, expert fees, costs, and expenses as Adverse Consequences in connection with enforcing its indemnity rights under the APA. JTX-001-0057; JTX-001-0050 § 7.2(a); *see also* D.I. 227 at § IV.

[5] Defendants' Pretrial Order Brief Statement of Intended Proofs included affirmative defenses of *in pari delicto*, unclean hands, estoppel, acquiescence, and failure to mitigate damages (D.I. 203-14, at 3 ¶¶ E-F, H). Defendants either waived these affirmative defenses or failed to prove them as a matter of law because Defendants failed to address each of these affirmative defenses in their Response and failed to prove them at trial. *See generally* D.I. 240. Additionally, while Defendants assert speculative damages and unjust enrichment as affirmative defenses (D.I. 203-14, at 3-4 ¶¶ G & I), these are not affirmative defenses. An affirmative defense is generally viewed "'as a new matter constituting a defense offered under the assumption the Complaint is true, but a legal defense exists to the Complaint's assertion.'" *Wellgistics, LLC v. Welgo, Inc.,* C.A. No. N22C-08-182 KMM, 2024 WL 113967, at *7 (Del. Super. Ct. Jan. 9, 2024) (quoting *James River-Pennington Inc. v. CRSS Cap., Inc.*, Civ. A. No. 13870, 1995 WL 106554, at *12 (Del. Ch. Mar. 6, 1995)). "A defense which merely negates some element of plaintiff's *prima facie* case is not truly an affirmative defense and need not be pleaded." *LG. Philips LCD Co., Inc. v. Tatung Co.*, No. 04–343–JJF, 243 F.R.D. 133, 137 (D. Del. 2007) (internal quotation marks and citation omitted). Speculative damages relates to whether DSG met its burden of proof and is not an affirmative defense for which Defendants bear the burden. Furthermore, unjust enrichment refers to the "unjust retention of a benefit to the loss of another, or the retention of money or property of

*Medek v. Medek*, C.A. No. 2559-VCP, 2008 WL 4261017, at *10 (Del. Ch. Sept. 10, 2008). A party asserting an affirmative defense bears the burden of proving the defense by a preponderance of the evidence. *Rabe*, 2023 WL 4305827, at *20. "It is elementary that *Defendants cannot be permitted to use the doctrines of waiver and estoppel to make a new contract or change the terms of the old*." *Harmony Mill Ltd. P'ship v. Magness*, C.A. No. 84C-OC-40, 1990 WL 58149, at *5 (Del. Super. Ct. May 1, 1990), *aff'd,* 586 A.2d 1202 (Del. 1991) (emphasis added). While the Response does not identify any arguments as affirmative defenses, it appears to assert waiver and failure to state a claim.

**1. Defendants have not established DSG waived its rights under APA Sections 3.7(a) & (c).**

Defendants appear to argue DSG waived "Defendants' representation that the AR 'reflected on' Han Nara's unaudited financial statements 'constitute bona fide receivables'" under Sections 3.7(a) and (c) of the APA because DSG knew that portions of Defendants' financials were inaccurate. D.I. 240, at 25-26. Defendants' argument is without merit. In fact, the defendants in *Cobalt Operating* made similar arguments, which were rejected by the court. 2007 WL 2142926, at *27-28. There, the court noted that because defendants "contractually promised [plaintiff] that it could rely on certain representations [in the APA regarding financial matters], [defendants are] in no position to contend that [plaintiff] was unreasonable in relying on [defendants'] own binding

---

another against the fundamental principles of justice or equity or good conscience." *Talkdesk, Inc. v. DM Trans, LLC*, C.A. No. N23C-08-005 MAA CCLD, 2024 WL 2799307, at *11 (Del. Super. Ct. May 31, 2024) (internal quotation marks and citations omitted). Unjust enrichment "can operate either as a cause of action or as a remedy." *Id.* (internal quotation marks and citation omitted). "A claim for unjust enrichment must be dismissed if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim." *Id.* (internal quotation marks and citation omitted). "[I]f recovery is possible under the contract, then the contract controls and a duplicative unjust enrichment claim will be dismissed as an attempt to obtain double recovery." *Id.* (internal quotation marks and citation omitted). Here, the APA controls and, therefore, there is no basis for an unjust enrichment claim even if Defendants had properly asserted it.

words." *Id.* Thus, the court found defendants breached the APA (and committed fraud). *Id.* at *28, 32.

As in *Cobalt Operating*, Defendants contractually promised DSG could rely on Han Nara's representations in the APA regarding its financial statements. Defendants represented "the Financial Statements are correct and complete and consistent with the Books and Records[6] of [Han Nara] (which are in turn correct and complete)." JTX-001-0018 § 3.7(a). At trial, Michael Martinez testified the Net AR amount (*i.e.*, AR less CDL) included in Han Nara's financial statements in 2019 and 2020 were wrong, incorrect, or inaccurate. *See* Trial Tr. vol. 3, 661:15-662:5; 664:25-666:24. Therefore, Defendants breached the representation and warranties of Sections 3.7(a) and (c) of the APA. By relying on Han Nara's representations in the APA, DSG did not waive any right. Rather, DSG did exactly as permitted and as agreed upon under APA Section 7.7.[7] JTX-001-0053 – JTX-001-0054 § 7.7(a) (emphasis added). Accordingly, Defendants failed to establish waiver as a matter of law.

**2. Defendants' defense of failure to state a claim for which relief may be granted under Federal Rule of Civil Procedure of 12(b)(6) is untimely.**

[6] "Books and Records" is a defined term in the APA and includes "financial and accounting records." JTX-001-0004 § 1.1(g). The APA does not have any provision, statement, disclosure, or mention of the Ransomware Attack. *See generally* JTX-001. If the Ransomware Attack allegedly made all of the financial statements and reports unreliable after April 2019, Defendants should have disclosed that in the APA. They did not because it is not true. Rather, the evidence at trial reflects that DSG was aware that the AR subledger report (JTX-094) was inaccurate because the Ransomware Attack impacted select missing historical data before April 2019 in Profit. Trial Tr. vol. 3, 761:21-762:19 (Aggie Choi deposition testimony); Trial Tr. vol. 3, 639:6-16, 758:10-759:23 (Michael Martinez deposition testimony); Trial Tr. vol. 1, 40:1-41:15 (Evan Vermette trial testimony); Trial Tr. vol. 1, 182:24-183:15 (Matthew Duncan deposition testimony); Trial Tr. vol 3, 798:19-21 (Justine Hudson deposition testimony); JTX-014, JTX-023; JTX-025, JTX-068, JTX-101, JTX-102, JTX-146, DTX-098, PTX-101, PTX-186, PTX-187.

[7] Defendants try to equate the AR subledger report with the entirety of Han Nara's financial statements. D.I. 240 at 25. But the AR subledger report is not a financial statement included in APA Section 3.7(a) Disclosure Schedule. JTX-001-0018; JTX-001-0144 – JTX-001-0163.

Defendants cite cases under the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss standard in support of an apparent defense of failure to state a claim upon which may relief may be granted to dismiss Plaintiffs' fraud claim. D.I. 240, at 44; D.I. 203-14 ¶ G (asserting same as issue on which Defendants bear the burden). A motion to dismiss under Rule 12(b)(6) must be asserted before a responsive pleading is filed. Fed. R. Civ. P. 12(b) ("A motion *asserting any of these defenses must be made before pleading if a responsive pleading is allowed*.") (emphasis added). Thus, any argument that DSG's fraud claim should be rejected for failure to state a claim upon which relief may be granted under Rule 12(b)(6) is untimely. In any case, at trial,[8] DSG established each element of their breach of contract and fraud claims against Defendants. As established, DSG's indemnity claims are based on the representations in the APA. *See generally* D.I. 227. In contrast, DSG's fraud claim is based on Defendants' representations and actions separate and apart from those included in the APA. *Id.* Additionally, as established, DSG suffered damages of $3,353,472.00 as a result of Defendants' fraud. If the Court agrees that DSG prevails on all claims, then DSG has the right to and will elect to recover the maximum damages permitted by law.

In conclusion, based on the evidence and testimony admitted at trial, DSG met its burden of proof on its indemnity claims under Sections 7.2(a)(1) and 7.2(b) of the APA, and its fraud and punitive damages claims. Accordingly, DSG seeks a judgment entitling DSG to recover $4,462,574.00 in damages under APA Section 7.2(b), $3,750,000.00 under APA Section 7.2(a)(1), attorneys' fees, expert fees, costs, and expenses as Adverse Consequences, as well as $3,353,472.00 for fraud, plus proportional punitive damages, and finally pre- and post-judgment interest on its award.

---

[8] The evidence established *at trial*, and not Plaintiffs' Complaint, controls.

Dated: September 23, 2024

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Samantha G. Wilson*

Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com
ckeith@ycst.com

*Attorneys for Plaintiffs The Dufresne Spencer Group, LLC and Dufresne Spencer Group Holdings, LLC*

Gregory C. Noschese
James M. McGee
Munsch Hardt Kopf & Harr P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201-6659
(214) 855-7500
gnoschese@munsch.com
jmcgee@munsch.com

Huma Ali
Munsch Hardt Kopf & Harr P.C.
700 Milam Street, Suite 2700
Houston, TX 77002-2806
(713) 222-1470
hali@munsch.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 23, 2024, a copy of the foregoing document was served on counsel listed below in the manner indicated:

**BY EMAIL**

FISH & RICHARDSON P.C.
Jeremy Anderson
Ryan McKay
222 Delaware Avenue, 17th Fl.
Wilmington, DE 19801
(302) 652-5070
janderson@fr.com
mckay@fr.com

*Attorneys for Defendants Han Nara Enterprises LP, Richard Choi and Aggie Choi*

FISH & RICHARDSON P.C.
Bret T. Winterle
Sarika N. Patel
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 292-4069
winterle@fr.com
patel@fr.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Colin A. Keith (No. 7074)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com
ckeith@ycst.com

*Attorneys for Plaintiffs The Dufresne Spencer Group, LLC and Dufresne Spencer Group Holdings, LLC*